IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Magistrate No. 11-641 |
| ) | |
| ADRIAN M. TAYLOR ) | |
| VINCENT D. MIDDLEBROOKS ) | |
| GATHON DUDLEY SHANNON, ) | |
| ) | |
| Defendants. ) | |

FINDINGS OF FACT
AND CONCLUSIONS OF LAW

BLOCH, D.J.

AND NOW, this 17th day of October, 2011, upon consideration of the evidence presented in connection with the October 4, 2011 hearing held before Magistrate Judge Maureen P. Kelly, as well as the evidence presented to this court today, the court makes the following Findings of Fact and Conclusions of Law:

1. On September 30, 2011, a federal criminal complaint was filed in the Western District of Pennsylvania, charging defendants Taylor, Middlebrooks and Shannon with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of Title 21, United States Code, Section 846, and distribution and possession with intent to distribute five kilograms or more of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(a)(ii).

1

2. On September 29, 2011, all three defendants were arrested by Drug Enforcement Administration agents for their suspected involvement in drug trafficking activity that the criminal complaint alleges began in December of 2009. The arrests were the product of a narcotics-trafficking investigation that spanned nearly two years and involved the use of court-authorized wire taps. The agents involved intercepted several phone calls between Mr. Taylor and Mr. Middlebrooks. On September 27, 2011, one such intercepted call between the two alerted authorities that Mr. Middlebrooks would be flying to Cleveland from Texas to deliver a substantial amount of suspected cocaine to Taylor in Pittsburgh. At this time, arrangements were made to conduct continual surveillance on Middlebrooks upon his arrival from Texas.

3. On September 28, 2011, Middlebrooks landed in Cleveland, Ohio, at approximately 11:30 p.m., rented a car, and drove to Pittsburgh. The next morning, Mr. Taylor and Mr. Middlebrooks arranged to meet at the Four Points Hotel in Pittsburgh, Pennsylvania. Law enforcement officials observed Mr. Taylor arrive at the hotel and retrieve two bags from his vehicle, a blue and black bag and a dark colored suitcase. Mr. Taylor checked into a room with the two bags, and hotel records indicate that the room was rented by Mr. Middlebrooks. Mr. Taylor emerged from the room a short time later without the two bags. A few hours later, authorities intercepted a phone call from Mr. Taylor to Mr.

Middlebrooks, who told Mr. Taylor that he had finished counting the money that he had delivered to him that morning. That evening, law enforcement officials observed Mr. Middlebrooks leave the hotel with the same suitcase that was in Mr. Taylor's possession earlier that morning. They followed Mr. Middlebrooks to a rest stop area located off of Route 70 and observed him drive over to a truck tractor-trailer. Mr. Middlebrooks exited his car, retrieved the aforementioned suitcase, and handed it to defendant Shannon. Agents believed that Mr. Shannon then handed Mr. Middlebrooks a bag containing cocaine, although they were unable to view any such exchange. Shortly thereafter, authorities followed Mr. Middlebrooks back to the hotel where he had arranged to meet with Mr. Taylor. At this time, law enforcement officials initiated the arrests of Mr. Taylor and Mr. Middlebrooks at the hotel, while Mr. Shannon was arrested at the rest stop. A search of defendant Taylor's residence thereafter revealed a firearm which was registered in his wife's name.

4. The arrests of the defendants led to the seizure of approximately 16 kilograms of cocaine and over $700,000 in United States currency which was in the form of nine individually wrapped blocks. Pursuant to the investigation and the resulting arrests, law enforcement officials have reason to believe that defendant Taylor is a large-scale drug trafficker whose primary base of operations is located in or around the Beaver County area of

Pennsylvania. Defendant Middlebrooks is suspected to be the source of supply and defendant Shannon is believed to be the courier for the alleged drug organization.

5. Title 18, United States Code, Section 3142(e) provides that the court shall order a defendant to be detained before trial if the court finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.

6. The government bears the burden of establishing by a preponderance of the evidence that a defendant poses a risk of flight, see United States v. Himler, 797 f.2d 156, 161 (3d Cir. 1986), and must establish that no condition or combination of conditions will reasonably assure the safety of any other person and the community by clear and convincing evidence. See Title 18, United States Code, Section 3142(f)(2).

7. In determining whether there are conditions of release that will reasonably assure the appearance of a defendant as required and the safety of any other person and the community, this court is to consider the following factors: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family ties, employment,

4

financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings and whether, at the time of the current offense or arrest, the defendant was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

8. Based on the evidence presented, there exists probable cause to believe that the defendants committed the charged offenses.

9. Because there is probable cause to believe that the defendants committed the charged offenses, Title 18, United States Code, Section 3142(e)(3) creates a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendants as required and the safety of the community.

10. Regardless of whether the defendants have submitted sufficient evidence to rebut the statutory presumption, the court finds that the government has proven by clear and convincing evidence that the defendants pose a risk of flight and/or a danger to the community.

11. First, in regard to all three defendants, the court

finds that there is substantial evidence establishing that they committed the charged offenses. Moreover, the nature and circumstances of the offenses charged are serious, as the offenses involve a very large amount of money and drugs.

12. In regard to defendant Taylor, the court further notes that he has persisted in drug-related activities despite his two prior convictions for drug-distribution offenses. Mr. Taylor's conduct demonstrates that he has not changed the errors of his ways and that his previous prison sentence has not discouraged him from pursuing a life of crime. The court finds that the condition of home detention with electronic monitoring will not serve to curtail the possibility that Taylor will continue dealing drugs, as he would be free to do so from the comfort of his own home. Moreover, the court notes that while the firearm that was recovered from defendant Taylor's residence was not registered in his name, he nevertheless had free access to it, another factor that indicates that he will continue in his illegal activity and that he poses a danger to the community.

13. The court does note that defendant Taylor has significant ties, family and otherwise, to the Western District of Pennsylvania. He is a lifelong Pennsylvania resident who lives in the Beaver County area and has a wife with whom he has fathered four children. Moreover, he has been steadily employed as a telemarketer for the last six years. However, his decision to

continue to commit crimes after previous drug trafficking convictions demonstrates a disregard for the law. In light of the fact that he now faces federal charges that expose him to a substantial sentence of imprisonment, including a mandatory ten-year period of incarceration, the court finds that there is a great risk of flight, in addition to the risk that he will continue to engage in drug-related activities.

14. Accordingly, the court directs that defendant Taylor remain in the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant Taylor shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant Taylor is confined shall deliver him to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

15. Defendant Middlebrooks is a Texas resident and has no ties, family or otherwise, to the community or to Western Pennsylvania in general. Importantly, the court notes that defendant Middlebrooks unsuccessfully attempted to escape arrest in this case while in his vehicle. Although he was arrested without harming anyone, his conduct posed a serious risk to the

law enforcement officials responsible for his apprehension and demonstrates that he is a flight risk. While the court does note that Mr. Middlebrooks does not have an extensive criminal history, his attempt to evade arrest raises significant concerns as to the likelihood that he will try to flee once more if released from custody, especially in light of his lack of ties to the area and the seriousness of the charges and potential penalties in this case. As such, the court finds that an order of detention pending trial is necessary to ensure his appearance and the safety of the community.

16. Accordingly, the court directs that defendant Middlebrooks remain in the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant Middlebrooks shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant Middlebrooks is confined shall deliver him to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

17. Defendant Shannon similarly lacks ties, family or otherwise, to the community or to Western Pennsylvania in general,

as he too is a resident of Texas. While Mr. Shannon was gainfully employed at the time of his arrest as a truck-driver, he also has a prior felony conviction for drug distribution for which he served a significant term of imprisonment, as well as an earlier drug-trafficking conviction. While the court does take notice of the fact that he subsequently served five years of supervised release without incident, the defendant's lack of ties to the area, as well as his prior drug dealing offenses, demonstrate that he remains a risk to flee and/or to continue in drug-trafficking activities, particularly in light of the seriousness of the charges and potential penalties in this case.

18. Accordingly, the court directs that defendant Shannon remain in the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant Shannon shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant Shannon is confined shall deliver him to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record